UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK
_____

DEVOCEAN JEWELRY LLC

                        Plaintiff,                        Docket No. _____

                        -against-                      JURY TRIAL DEMANDED

ASSOCIATED NEWSPAPERS LIMITED

                        Defendant.
_____

## COMPLAINT

Plaintiff Devocean Jewelry LLC ("Devocean" or "Plaintiff") by and through its undersigned counsel, for its Complaint against defendant Associated Newspapers Limited ("Associated" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted Video and six copyrighted screen grabs Photographs of the Video of Lila, a black Labrador Retriever, diving off of a boat and catching a lobster on the ground floor of the ocean owned and registered by Devocean, a Florida based jewelry company. Accordingly, Devocean seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.*

### JURISDICTION AND VENUE

2. This claim arises under the provisions of the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338 (a).

3. This Court has personal jurisdiction over the Defendant because Defendant maintains its United States principal place of business in New York and does business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b).

## PARTIES

5. Devocean is a jewelry company that sells products ranging from necklaces, rings, and bracelets related to the ocean, having a usual place of business at 2200 North Federal Highway, 229A, Boca Raton, FL 33431. Twenty percent of the net profits of Devocean goes to Sea Turtle Rescue and Ocean Conservation Programs such as the Florida Atlantic University's Marine Research Lab at Gumbo Limbo Nature Center to save hurt and sick turtles. Devocean is a social enterprise intended to raise awareness about the growing fragility of marine habitats and encourage people to take immediate action to make the oceans clean and free from pollution.

6. Upon information and belief, Associated is a United Kingdom limited company with its United States headquarters located at 51 Astor Place, New York, NY 10003. At all times material hereto, Associated has operated and continues to operate the website www.DailyMail.Co.UK (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Video**

7. On or about March 31, 2015, Alex Schulze, co-founder of Devocean, videotaped himself training his black Labrador Retriever dog named Lila to dive off a boat and catch a lobster on the ground floor of the ocean (the "Video").

8. On or about November 25, 2015, Plaintiff published the Video on their website, www.DevotedtotheOcean.com as a way to drive traffic to their website for people to buy their jewelry products where twenty percent of the net profits go to the Florida Atlantic University's Marine Lab at Gumbo Limbo Nature Center to save hurt and sick turtles, to educate people about the ocean and sea animals, and to get donations for Sea Turtle Rescue and Ocean Conversation Programs. Plaintiff's watermark was placed on the Video identifying them as the owner of the Video.

9. Devocean is the author of the Video and has at all times been the the sole owner of all right, title and interest in and to the Video, including the copyright thereto.

10. The Video was registered with the Copyright Office and was given Copyright Registration Number PA 1-973-395 (*Dog Catches Lobster*) effective February 11, 2016. The screen grab Photographs were registered with the Copyright Office and was given Copyright Registration Number VA 1-995-469 (*Dog and Lobster*), effective February 22, 2016. A true and correct copy of the Certificate of Registration of the Video is attached hereto as Exhibit A (PA 1-973-395). A true and correct copy of the Certificate of Registration of the screen grab Photographs is attached hereto as Exhibit B (VA 1-995-469).

**B.     Defendant Infringing Activities**

11. Upon information and belief, on or about November 26, 2015, Defendant ran an article on the Website entitled *Good sea-dog! Meet Lila the Labrador who catches LOBSTERS for her owner* (http://www.dailymail.co.uk/news/article-3334679/Good-sea-dog-Meet-Lila-

Labrador-canine-catches-LOBSTERS-owner.html) (last visited March 23, 2016). The article prominently featured six screen grab photographs of the Video (the "Photographs") and the Video driving web traffic away from Devocean's website. A true and correct copy of the article is attached hereto as Exhibit C.

12. Upon information and belief, Defendant ran another article on the Website entitled *Owner trains his dog to dive into sea and catch a lobster* (http://www.dailymail.co.uk/video/news/video-1232218/Owner-trains-dog-dive-sea-catch-lobster.html) (last visited March 23, 2016). The article prominently featured the Video driving web traffic away from Devocean's website.

13. Defendant did not license the Video or the screen grab Photographs from Plaintiff for use in its articles, nor did Defendant have Plaintiff's permission or consent to published the screen grab Photographs or Video on the Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST ASSOCIATED)**
**(17 U.S.C. §106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13.

15. Defendant infringed Plaintiff's copyright in the Video and Photographs by reproducing and publicly displaying the screen grab Photographs and Video on the Website. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Video and the screen grab Photographs.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional and purposeful, in disregard of and indifference to Plaintiff's rights.

18.     As a direct and proximate cause of the infringement by Defendant of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504 (b).

19.     Alternatively, Plaintiff is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

### SECOND CLAIM FOR RELIEF
### (INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST ASSOCIATED)
### (17 U.S.C. §1202)

21.     Plaintiff incorporates by references each and every allegation contained in Paragraphs 1-20.

22.     When the Video was published on www.DevotedtotheOcean.com, the Video contained Devocean's distinct watermarked logo which is copyright management information protected under 17 U.S.C. § 1202 (b).

23.     Devocean spent a lot of time and effort into developing their watermarked logo as a way for others to remember their company.

24. On the information and belief, in its article on the Website, Associated intentionally and knowingly cropped the watermark off the screen grab Photographs and altered the copyright management information of the screen grabs of the Photographs.

25. The conduct of Associated violates 17 U.S.C. § 1202 (b).

26. On the information and belief, Associated's alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. On the information and belief, the alteration of said copyright management information was made by Associated intentionally and knowingly.

28. As a result of the wrongful conduct of Associated as alleged herein. Plaintiff is entitled to recover from Associated the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Associated because of their violations of 17 U.S.C. § 1202, including attorneys fees and costs.

29. Alternatively, Plaintiff may elect to recover from Associated statutory damages pursuant to 17 U.S.C. § 1203 (c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. §1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Associated be adjudged to have infringed upon Plaintiff's copyright in the Video and Photographs in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant Associated be adjudged to have altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Defendant Associated, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees, and all persons or

        entities acting in concert or participation with any Defendant, be enjoined from copying reproducing, distributing, adapting, or publicly displaying Plaintiff's Video.

4. That, with regard to the First Claim, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Video and Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

5. That with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's alteration of copyright management information or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203 (c);

6. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
      March 23, 2016

                                              LIEBOWITZ LAW FIRM, PLLC
                                              By: *Richard Liebowitz*
                                                   Richard P. Liebowitz
                                              11 Sunrise Plaza, Suite 301
                                              Valley Stream, NY 11580
                                              Tel: (516) 233-1660
                                              RL@LiebowitzLawFirm.com

                                              *Attorney for Plaintiff Devocean Jewelry, LLC*