UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DEVOCEAN JEWELRY LLC,

            Plaintiff,

     v.

ASSOCIATED NEWSPAPERS LIMITED,

            Defendant.

-------------------------------------------------------------X

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/16
```

16-CV-2150 (KMW)
**OPINION AND ORDER**

KIMBA M. WOOD, District Judge:

Plaintiff Devocean Jewelry, LLC ("Devocean") brings this copyright infringement suit against Defendant Associated Newspapers Limited ("ANL"). The Complaint alleges that Defendant posted Plaintiff's copyrighted video, as well as screen grabs from it, online without Plaintiff's permission, in violation of 17 U.S.C. §§ 106, 501, and 1202. (Compl. [Doc. No. 1]).

Defendant ANL has filed a motion to dismiss the Complaint in part, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss [Doc. No. 17]). For the reasons set forth below, the Court DENIES Defendant's motion to dismiss.

## I.    BACKGROUND

The following facts are taken from Plaintiff's Complaint and are assumed to be true for the purpose of Defendant's Motion to Dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) ("When considering a motion to dismiss . . . for failure to state a cause of action, a court must accept as true all material factual allegations in the complaint.").

Plaintiff is the copyright owner of a video that depicts a black Labrador Retriever named Lila diving off a boat into the ocean and catching a lobster on the sea floor (the "Video").

1

(Compl. ¶¶ 7, 9 [Doc. No. 1]). In November 2015, Plaintiff posted the Video on its website, www.devotedtotheocean.com. *Id.* ¶ 8. The version of the Video that was posted included a watermark depicting a stylized Devocean logo. *Id.* ¶¶ 8, 22.

Later that month, Defendant posted an online article entitled, "Good sea-dog! Meet Lila the Labrador who catches LOBSTERS for her owner." *Id.* ¶ 11. The article included the full Video as well as six screen grabs that show individual frames from the Video (the "Screen Grabs"). *Id.* ¶ 11; Ex. C. The Screen Grabs did not include Devocean's stylized logo, although they did include a copyright notice that read, "© Devoted to the Ocean." Defendant did not obtain Plaintiff's permission before posting the Video or the Screen Grabs. *Id.* ¶ 13.

In February 2016, Plaintiff obtained a registration from the U.S. Copyright Office for the Video. *Id.* ¶ 10; Ex. A. At the same time, Plaintiff also registered twenty-two separate screen grabs from the Video, including those that had been posted as part of Defendant's article. *Id.* ¶ 10; Ex. B.

Plaintiff filed its Complaint on March 23, 2016, alleging violations of the Copyright Act and the Digital Millennium Copyright Act ("DMCA"). (Compl. ¶¶ 14-29). Defendant filed its motion to dismiss in part on May 18, 2016. (Def.'s Mem. of Law in Supp. Partial Mot. to Dismiss, ("Mot. to Dismiss") [Doc. No. 18]). The motion is now fully briefed.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the supporting factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a plaintiff has failed to "nudge" a claim "across the line

2

from conceivable to plausible," a district court must dismiss the complaint. *Twombly*, 550 U.S. at 570.

The Court must accept as true all well-pleaded factual allegations in a complaint and "draw[] all inferences in the plaintiff's favor." *Allaire Corp v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006) (internal quotations omitted). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## III.   DISCUSSION

Defendant argues that (1) Plaintiff's claims regarding the Screen Grabs should be dismissed because the Screen Grabs and the Video are derived from a single work, and (2) Plaintiff's claim under the DMCA should be dismissed because Plaintiff has failed to adequately allege intent. (Mot. to Dismiss, 1-2). As discussed below, the Court rejects both of these arguments.

A.   The Screen Grabs

First, Defendant contends that Plaintiff's claim of infringement based on the Screen Grabs should be dismissed because the Screen Grabs are merely component parts of the Video, and therefore Plaintiff is not entitled to recover statutory damages for each Screen Grab as well as for the Video. (Mot. to Dismiss, 3-6).

Defendant is correct that a plaintiff may not recover multiple statutory damage awards for a single work that has been infringed multiple times. *Id.* at 3 (citing 17 U.S.C. § 504(c)(1)). But Defendant's argument does not go to the sufficiency of Plaintiff's allegations of infringement with respect to the Screen Grabs, but rather goes to the calculation of damages, in the event Plaintiff prevails. *See id.* Accordingly, this argument is premature when the issue of liability has not been decided, and when Plaintiff has yet to determine whether it is seeking to recover actual

3

damages and profits, or instead will elect to receive statutory damages. *See* (Compl. at 7); 17

U.S.C. § 504 (copyright owner may elect, at any time before the entry of final judgment, to

receive actual damages and profits or statutory damages).

Plaintiff has sufficiently alleged the basic elements of a claim for copyright infringement

based on Defendant's use of the Screen Grabs, namely (1) that it is the owner of a valid

copyright, (Compl. Ex. A, B), and (2) copying of the work without Plaintiff's consent, *id.* ¶¶ 11-

13. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). The Court

therefore denies Defendant's motion to dismiss Plaintiff's claims based on the Screen Grabs.

Defendant is welcome to renew its argument regarding limitations on statutory damages at a later

time, if and when the Court reaches the issue of damages.

## B. Plaintiff's DMCA Claim

Second, Defendant argues that Plaintiff has failed to state a claim for removal or

alteration of copyright management information ("CMI"). The DMCA prohibits anyone from

"intentionally remov[ing] or alter[ing] any copyright management information" if the person

responsible for the removal knows or has reasonable grounds to know "that it will induce,

enable, facilitate, or conceal an infringement." 17 U.S.C. § 1202(b)(1). CMI includes the title of

the work as well as the name, or other identifying information, of the author or copyright holder.

17 U.S.C. § 1202(c). Plaintiff alleges that Defendant's removal of the Devocean logo from the

Screen Grabs is a violation of Section 1202. (Compl. ¶ 22-25).

To state a claim for removal of CMI, a plaintiff "need only allege (1) the existence of

CMI . . . ; (2) removal and/or alteration of that information; and (3) that the removal and/or

alteration was done intentionally." *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596,

609 (S.D.N.Y. 2010) (Karas, J.); *Fischer v. Forrest*, No. 14-CV-1304, 2015 WL 195822, at \*9

4

(S.D.N.Y. Jan. 13, 2015). Defendant contends that Plaintiff has offered no more than conclusory allegations that the removal of the Devocean logo was done with the knowledge that such removal would "induce, enable, facilitate, or conceal an infringement," and therefore that Plaintiff's claim is insufficient to pass the 12(b)(6) threshold. (Mot. to Dismiss, 7-8).

Although Plaintiff's allegations in the Complaint are relatively sparse, the Court concludes that they are sufficient at this stage. Defendant cites to a number of decisions rejecting claims under Section 1202 based on a Plaintiff's failure to demonstrate that a Defendant removed or altered CMI with the requisite knowledge. *See Faulkner Press, LLC v. Class Notes, LLC*, 756 F. Supp. 2d 1352, 1360 (N.D. Fla. 2010) (granting summary judgment for defendant where plaintiff had "presented no evidence to show that [the defendant] altered the [CMI] with intent to aid infringement"); *Gordon v. Nextel Commc'ns*, 345 F.3d 922, 927 (6th Cir. 2003) (upholding district court grant of summary judgment where plaintiff offered no evidence to show that removal of CMI was done with knowledge that it would induce, enable, facilitate, or conceal an infringement); *William Wade Waller Co. v. Nexstar Broad., Inc.*, 2011 WL 2648584, at *4 (E.D. Ark. July 6, 2011) (granting summary judgment for defendant because plaintiff had "made no effort to show" that the defendant removed CMI with the intent to induce or conceal an infringement). However, these decisions were all decided at the summary judgment stage, where a plaintiff must provide evidentiary support for his or her allegations. At the motion to dismiss stage, the Court must take the Plaintiff's allegations as true, and draw all reasonable inferences in the Plaintiff's favor. *Allaire Corp.*, 433 F.3d at 249-50.

Here, Plaintiff has done enough by alleging that Defendant removed the CMI from the Screen Grabs and by attaching as an exhibit to the Complaint a copy of the article in which the altered screen grabs appeared. *See BanxCorp*, 723 F. Supp. 2d at 610 ("Providing an actual

5

example of the allegedly infringing [work] is obviously more than a conclusory allegation."). To be sure, the presence of copyright information in the screen grabs—even if it differs in appearance from the information originally included by the Plaintiff—significantly undermines the strength of Plaintiff's allegations regarding Defendant's intent. However, the Court must draw all reasonable inferences in Plaintiff's failure, and at this stage, it is at least as reasonable to infer that the CMI was altered to conceal or facilitate the alleged infringement as for any other reason. Therefore, the Court concludes that Plaintiff's allegations of intent are sufficiently detailed to pass the 12(b)(6) threshold.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED. This Opinion and Order resolves Docket Entry 17.

SO ORDERED.

DATED:   New York, New York
         October 20, 2016

*Kimba M. Wood*

KIMBA M. WOOD
United States District Judge

6